**FLY et v ZURMEHLY et**

Ohio Appeals, 3rd Dist, Allen Co

No 581. Decided Sept 28, 1932

Mackenzie, Weadock, Mackenzie & Landis, Lima, for plaintiffs.

E. M. Botkin, Lima, for defendants.

KLINGER, J.

The question presented under this state of facts, is: were the county commissioners of Allen County, Ohio, without jurisdiction to include in the Westwood Sewer District, the property lying within the corporate limits of the City of Lima? In our opinion, this question should be answered in the affirmative. That is, they were without jurisdiction. However, the plaintiffs are estopped by the petition and waiver of their predecessor in title, to challenge the assessments for local and lateral sewers and water system.

Next, were the county commissioners of Allen County, Ohio, without jurisdiction to include in the paving improvement of Wendell Avenue, that portion of the street lying within the City of Lima? We also answer

this in the affirmative by saying they were without jurisdiction. However, plaintiffs are estopped by the petition and waiver of their predecessor in title, from enjoining the assessments.

Next, were the county commissioners authorized to combine Wendell Avenue and Lowell Avenue paving improvements, in one proceeding? They were, not as a matter of law, but by virtue of the request of the then owners of the land, affected by the improvement. And while we hold that the county commissioners were without authority to assess property within the city, for water improvements where the city water service is available, when the service is invoked by the request of the property holders, and the improvements made at their request, they are estopped after the improvements are thus made, from challenging the validity of the assessments to pay for the same.

Admitting, for the sake of the argument, that the county commissioners had no authority to do any of the things challenged in the petition, nevertheless the want of power or authority, was waived by the property holders and they are now estopped from challenging the authority or enjoining payment for the improvement thus made by their acquiescence and assent. The then owner of these premises knew, (a) that the improvement was being made; (b) that it was intended to assess the cost thereof, or some part of it, upon this property.

Even though the present owners of the property were not aware of any of these improvements, their predecessors in title had, as we have said, full knowledge of the improvements and waived all objections and acquiesced that the property, including the property now held by the plaintiffs, should be assessed to pay for the improvement. And the plaintiffs' property in these proceedings are bound by these acts of their predecessors in title.

Under the authority of the case of **Tone v City of Columbus,** 39 Oh St 281, and cases therein cited, as well as 59 Oh St 199 and 212, Jones on Taxation, Volume 2, §§1011 and 1012, Elliott on Roads and Streets, Volume 2, §§731, 732 and 733, the injunction will be denied at costs of the plaintiffs.

CROW, PJ, and KINDER, J, concur.